NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1179

CARE AND PROTECTION OF OZLO (and a companion case[1]).

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This is an appeal from a finding of unfitness made in a review and redetermination proceeding held pursuant to G. L. c. 119, § 26 (c).  It involves two of the mother's children, an older son (son) and a younger daughter (daughter).

During the pendency of this appeal, the son reached his eighteenth birthday.  As to him, the appeal is therefore moot. We therefore dismiss so much of the appeal as relates to the son, and vacate the judgment below to the extent it was entered in his care and protection proceeding.  See American Dog Owners Ass'n v. Lynn, 404 Mass. 73 (1989).

On February 12, 2020, the mother stipulated to her unfitness and the placement of the children in the permanent

_____

[1] Care and Protection of Jill.  The children's names are pseudonyms.

custody of the Department of Children and Families (department).[2]
On December 14, 2022, the mother made an oral motion for review
and redetermination, which was allowed.

Following the review and redetermination hearing, a judge
of the Juvenile Court found the mother unfit, and again
committed the children to the permanent custody of the
department.  This appeal by the mother followed.  The parties
are well aware of the facts of this case, none of which is
challenged by the mother as clearly erroneous.  They are
detailed comprehensively in the judge's thorough decision and
will not be repeated here.

The mother raises two arguments before us.  The first is
that the department has failed to make the required "reasonable
efforts" to promote family reunification.  See Adoption of
Lenore, 55 Mass. App. Ct. 275, 278 (2002). The issue of the
adequacy of the services provided by the department was not
raised by the mother in a timely manner so that the department
or the judge could have addressed the issue prior to the
redetermination hearing.  "[A] parent must raise a claim of
inadequate services in a timely manner so that reasonable
accommodations may be made."  Adoption of Gregory 434 Mass. 117,

---

[2] The father also stipulated to his unfitness and to
placement of the children in the department's permanent custody.
He is not a party to this appeal.

124 (2001). Such a claim cannot be raised for the first time on appeal.

In any event, even if we assume without deciding that reasonable efforts were not made by the department, it would not result in a reversal of the finding of unfitness. The determination of unfitness below does not depend on the judge's finding that the department made reasonable efforts toward reunification. "The term ['unfitness'] is a standard by which we measure the circumstances within the family as they affect the child's welfare." Petition of the Dep't of Pub. Welfare to Dispense with Consent to Adoption, 383 Mass. 573, 589 (1981). Regardless whether reasonable efforts were made by the department, the judge must make their assessment of fitness based on the current circumstances. See Adoption of Ilona, 459 Mass. 53, 61-62 (2011).

Significantly, in this case the department retained custody of the children, and the mother's parental rights to these children were not terminated. As the department acknowledged at oral argument, the department's obligation to use reasonable efforts toward reunification is ongoing even after the issuance of the redetermination decision. Therefore, the department has been (and remains) under a continuing obligation to make such efforts.

The mother's second argument is that the judge equated the mother's fitness with the children's preferences for their custody. That is, that the decision was based solely on those preferences. Of course, the teenaged children's wishes must be paid serious attention and may be weighed in the judge's analysis. See Care & Protection of Georgette, 439 Mass. 28, 36 (2003). The mother is correct that those preferences may not, however, be determinative. See id. Cf. Guardianship of Raya, 103 Mass. App. Ct. 531, 535 (2023) (although judge must carefully consider that preference, "a teenager cannot render her parent unfit by the simple expedient of refusing to engage with that parent").

But a reading of the judge's decision makes quite clear that in this case the judge did not give undue weight to those preferences in her determination that mother was unfit. The judge detailed the facts -- again, none of which the mother alleges is clearly erroneous -- that rendered the mother unfit and her home an unsafe and unhealthy placement for either child. Those facts provide clear and convincing evidence in support of the judge's conclusion that the mother was unfit, and that her unfitness would continue indefinitely into the future.

This serves to resolve the case. However, during the pendency of this appeal, the daughter through counsel filed a motion seeking to withdraw her appellee's brief and to join the

4

brief of the mother, the appellant. The motion acknowledges that that at the time of trial and for some time thereafter the daughter did not wish to be reunited with mother,[3] but represents that the daughter has since changed her preference: "Child contends that she has matured and that Mother has been more responsive to her needs. Child speaks by telephone with Mother and Child's adult sister . . ., who lives with Mother, several times a week. Child now wishes to be reunited with Mother."

We allowed the daughter's motion. To be clear, we are satisfied that the judge's decision was correct at the time it was issued -- that is the narrow legal question before this court. Nonetheless, given that the judge gave great weight to the daughter's preferences in her decision, a change in position by the daughter, particularly one like this that is asserted to be at least in part a result of changes in the mother's behavior toward her, is significant, and suggests a strong possibility the mother, the child, or both, may seek a review and redetermination of the existing order, based on the child's changed position, see G. L. c. 119, § 26 (c).

---

[3] Indeed, the daughter's position at trial and at the time the brief on her behalf was filed supported the judge's decision to leave her in the permanent custody of the department.

5

The daughter turns sixteen within two weeks of oral argument in this case, so there is a limited period of time during which any further proceedings relating to a possible change of custody may be of benefit to her.  Each party is of course allowed to bring a motion for review and redetermination "once every 6 months," G. L. c. 119, § 26 (c), and more than six months have passed since the mother's motion for review and redetermination.  In order to allow any party that wishes to do so to put before the Juvenile Court the daughter's change in position as quickly as possible, the rescript will issue forthwith.

To the extent it relates to fitness and custody with respect to Ozlo, the appeal is dismissed as moot, and, to that same extent, the judgment is vacated as moot.  The judgment is otherwise affirmed.

So ordered.

By the Court (Rubin, Hand & Brennan, JJ.[4]),

Clerk

Entered:  October 18, 2024.

---

[4] The panelists are listed in order of seniority.

6